## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VACHO SHAHEN,** | : |
| **Plaintiff** | : |
| | : **CIVIL ACTION** |
| **v.** | : |
| | : **No.** |
| **UNITED STATES OF AMERICA,** | : |
| **Defendant** | : |
| | : |

<u>**CIVIL COMPLAINT**</u>

### I. Introduction

1. This is an action for damages sustained by Plaintiff, Vacho Shahen, against the Defendant, United States of America's negligence in failing to protect Plaintiff from two assaults by prisoners.

### II. Jurisdiction and Venue

2. This Court has jurisdiction over claims pursuant to 28 U.S.C. §§ 1331. This Court has jurisdiction to grant relief in this action pursuant to 28 U.S.C. § 1346, as Plaintiff brings forth his claims under the Federal Tort Claims Act.

3. Venue is proper under 28 U.S.C. § 1391(b) because the cause of action upon which this Complaint is based arose in Philadelphia, Pennsylvania, within Philadelphia County, which is in the Eastern District of Pennsylvania.

4. Plaintiff filed an administrative complaint with the Bureau of Prisons ("BOP") on October 30, 2020, related to his injuries sustained on March 24, 2019.

5.  The instant suit is timely filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and the BOP failed to dispose of the claim within six months of its filing.

### III. Parties

6.  Plaintiff, Vacho Shahen, is an adult individual presently residing at the Metropolitan Detention Center in Los Angeles, California, having been transferred there from the Federal Detention Center in Philadelphia ("FDC Philadelphia"), by way of the Federal Transfer Center in Oklahoma City, Oklahoma.

7.  At all relevant times herein, Plaintiff was a pre-trial detainee awaiting trial at FDC Philadelphia.

8.  Defendant, the United States of America, is a sovereign entity, generally immune from suit. However, the United States of America has partially waived its sovereign immunity under the FTCA. Pursuant to the FTCA, the United States of America is liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

9.  All employees of BOP and/or FDC Philadelphia are the agents, servants, and/or employees of the United States of America.

**IV. Operative Facts**

10. Between his arrest on or about February 12, 2018 and his transfer to the Federal Transfer Center in Oklahoma City, OK, at all relevant times, Plaintiff Shahen was a non-violent pre-trial detainee, awaiting trial on a white-collar criminal case.

11. On or about March 24, 2019, Plaintiff was eating a bowl of cereal in the common are of Cellblock 5, when he was approached by an unknow inmate.

12. Sometime between 1300 – 1330 an unknown inmate disagreed with Plaintiff Shahen's choice of television programs.

13. This inmate along with another inmate threatened Plaintiff Shahen, and then without provocation proceeded to punch Plaintiff in the head.

14. This assault took place in full view of nearby corrections officers.

15. The parties were quickly separated and told to "quash whatever beef they may have."

16. Upon separation, and in full view and earshot of the corrections officers, the unknown inmate invited Plaintiff to his cell block to "discuss" the situation, which Plaintiff declined.

17. This unknown inmate was taken to an unknown area within Cellblock 5 by one or more corrections' officers.

18. Plaintiff resumed eating his cereal and watching television.

19. At this point, the same corrections officer that witnessed and broke up the assault on Plaintiff informed Plaintiff that the incident was caught on video and that the supervisor was coming to the cellblock to discuss the incident.

20. Soon after, the unknown inmate returned to the common area in Cellblock 5.

21. Upon his return, this unknown inmate, along with two of his compatriots, again proceeded to violently attack Plaintiff.

22. Upon information and belief, both incidents were caught on video.

23. As a result of the vicious attacks of March 24, 2019, Plaintiff needlessly suffered both physical and psychological symptoms including without limitation, Fracture of his nose and eye, TMJ, Lacerations, Concussion, Insomnia, Depression, and Anxiety.

24. Plaintiff will require medical treatment for his physical, mental, emotional, and psychological injuries for the foreseeable future.

25. As a direct and proximate result of the intentional and/or negligent and wrongful actions and omissions of the Defendant's employees, Plaintiff Shahen was caused to sustain and will continue to suffer from serious physical injuries, including without limitation:

   a. A left maxillary sinus comminuted fracture of the posterior and anterior tables;

   b. A fracture of his left orbital floor;

   c. An acute bilateral Temporomandibular Joint, or TMJ, injury;

   d. Two significant head lacerations requiring six (6) staples;

   e. Lacerations near his eye requiring stitches;

   f. Concussion;

   g. Blurry Vision; Headaches;

   h. Two black eyes;

   i. Insomnia;

   j. Depression; and

   k. Fear and Anxiety regarding his safety.

26. Employees of Defendant, with first-hand knowledge of the violent threats made against Plaintiff and the substantial risk of serious harm faced by Plaintiff at the hands of this unknow inmate and his associates, intentionally, with deliberate indifference, recklessly, and/or negligently failed to transfer Plaintiff Shahen and/or the unknown inmate(s) from Cellblock 5 and failed to take any other reasonable measure to abate the risk, to an extent that shocks the conscience.

27. Defendant's employees intentionally and/or recklessly disregarded the substantial risk of serious harm faced by Plaintiff Shahen, in remaining in close proximity to his assailant, acted with deliberate indifference to Plaintiff's health and safety and presented a substantial risk of serious harm to Plaintiff, to an extent that shocks the conscience.

28. Upon information and belief, the BOP had a standard, mandatory policy, known to the Defendant's Employees, that when an inmate at the FDC informed BOP personnel that he had been threatened by another inmate with physical attack or the attack was witnessed by BOP personnel, the aggressor was to be separated from the inmate who made the threat(s), at least until the allegation and/or threats had been properly and thoroughly investigated.

29. Defendant's employees assigned to Cellblock 5 violated this mandatory, non-discretionary policy of the BOP and FDC when, on March 24, 2019, Defendant's employees allowed the Plaintiff to remain in the common area with his assailant and the assailant's associates, after Plaintiff warned the Defendant's employees, or they otherwise learned, that this inmate(s) had threatened and assaulted him.

**COUNT I**
**FEDERAL TORT CLAIMS ACT – NEGLIGENCE – FAILURE TO PROTECT FROM**
**ASSAULT - PLAINTIFF VACHO SHAHEN v. UNITED STATES OF AMERICA**

30. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

31. Pursuant to the express terms of 28 U.S.C. § 1346(b), the FTCA, the United States is liable for personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

32. Under the laws of the Commonwealth of Pennsylvania, an individual is liable for negligence if he or she breaches a legally recognized obligation or duty that is causally connected to the damages suffered by the complainant. *See, Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270 (Pa. 2005).

33. Corrections officers working at the FDC were at all times herein relevant agents, servants, and employees of BOP and/or FDC Philadelphia acting within the course and scope of their authority as agents, servants, and employees of BOP and/or FDC Philadelphia.

34. The United States of America, BOP, FDC Philadelphia, and all employees of BOP, and/or FDC Philadelphia are all employees of the Defendant United States of America, and have a duty under 18 U.S.C. § 4042 to "provide for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States."

    B.  Reasonable attorney's fees and costs;

    C.  Such other and further relief as may appear just and appropriate.


/s/ Alan E. Denenberg
Alan E. Denenberg
PA ID No. 54161
adenenberg@adlawfirm.com


Vazken A.E. Zerounian
PA ID No. 308846
vazken@adlawfirm.com


Abramson and Denenberg, P.C.
1315 Walnut Street, Suite 500
Philadelphia, PA  19107
215.546.1345
*Counsel for Plaintiffs*

8

35. Upon information and belief, correctional officers failed to adhere to BOP non-discretionary policy regarding threats and assaults made upon inmates from other inmates.

36.  Plaintiff Shahen's injuries from this assault are a direct and proximate result of Defendant's employees' failure to follow established non-discretionary FDC policy.

37. As a result of the March 24, 2019 assault, Plaintiff suffered, and will continue to suffer from, serious physical injuries, including, without limitation, scars on his head, possibly permanent damage to his jaw, and chronic pain, as well as severe mental, emotional, and psychological injuries, as specifically enumerated above.

## COUNT II
## FEDERAL TORT CLAIMS ACT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - PLAINTIFF VACHO SHAHEN v. UNITED STATES OF AMERICA

38. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

39. The actions of Defendant's employees in their failure to protect Plaintiff from a repeated assault by fellow inmate(s), were outrageous and extreme. Defendant's employees acted intentionally or recklessly, and their actions caused Plaintiff severe emotional distress that manifested itself in physical symptoms.

40. The actions of the Defendant's employees constituted the tort of Intentional Infliction of Emotional Distress under the laws of the Commonwealth of Pennsylvania.

41. Under the FTCA, Defendant United States of America is liable for these actions.

**WHEREFORE**, Plaintiff Vacho Shahen respectfully requests:

    A.  Compensatory damages;