# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VACHO SHAHEN,<br>　　　　　　　Plaintiff,<br>　vs.<br><br>THE UNITED STATES OF AMERICA; WARDEN SEAN MARLER; ASSOCIATE WARDEN PETE LAWRIE; FEDERAL BUREAU OF PRISONS EMPLOYEES JOHN DOE 1-99; and CORRECTIONAL OFFICERS JOHN DOE 1-99,<br><br>　　　　　　　Defendants. | CIVIL ACTION<br><br>NO. 21-cv-01397 |
| VACHO SHAHEN,<br>　　　　　　　Plaintiff,<br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | CIVIL ACTION<br><br>NO. 21-cv-02039 |

## STIPULATED PROTECTIVE ORDER

The parties, plaintiff Vacho Shahen, and the defendants, the United States of America, Sean Marler, and Pete Lawrie, by and through their respective undersigned counsel, STIPULATE as follows:

　　　1.　　These are civil actions brought by plaintiff against defendants alleging torts and constitutional violations that plaintiff contends occurred while he was detained in the Federal Detention Center-Philadelphia ("FDC"). These civil actions shall be referred to herein as the "Litigation."

2. Good cause exists for the Court to enter this Stipulated Protective Order. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994). Certain documents and information to be produced by defendants in the Litigation may be protected from public disclosure by the Privacy Act, 5 U.S.C § 552a, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations, see e.g. 45 C.F.R. § 164.502, the privacy exemptions of the Freedom of Information Act, 5 U.S.C. § 552(b), and other statutes and regulations, or may otherwise contain confidential or law enforcement sensitive information. Specifically, some of the information to be exchanged in the Litigation relates to the safety and security of the FDC and/or other Bureau of Prison facilities, including confidential and sensitive information concerning FDC and/or Bureau of Prison's operations and procedures. Some of the information to be produced reveals the personal information of FDC officers, staff, and prisoners. This includes personal information, not publicly available, of FDC prisoners involved in an altercation with plaintiff. The continued safety and protection of these officers, staff, and prisoners from retaliation is an important government interest. All of these reasons establish good cause for the entry of this Stipulated Protective Order.

3. This Stipulated Protective Order is designed to maintain confidentiality of such sensitive or confidential information, while permitting the information to be used for appropriate purposes in the Litigation only.

4. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

IT IS HEREBY ORDERED THAT:

5. The Court finds that good cause exists for the entry of this Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

6.      DEFINITION OF CONFIDENTIAL MATERIAL.  For purposes of this Stipulated Protective Order, the term "Confidential Material" may apply to (a) medical records of nonparties; (b) personal information protected by Local Rule 5.1.3; (c) other materials that, the production of which, absent this Order, would violate HIPAA, FOIA, or the Privacy Act; and (d) confidential and sensitive information maintained by the Bureau of Prisons ("BOP") relating to the safety and security of the FDC or other Bureau of Prison facilities.

7.      DISCLOSURE OF CONFIDENTIAL MATERIAL.  Upon the entry of this Stipulated Protective Order, the defendants and their counsel may disclose -- in discovery in the Litigation -- information and documents that constitute CONFIDENTIAL MATERIAL, as defined herein.  Notwithstanding this Stipulated Protective Order, defendants reserve their rights to object to plaintiff's discovery requests on all grounds.

8.      APPLICATION.  The parties' attorneys shall inform any nonparty to whom disclosure may be made pursuant to this Stipulated Protective Order of the existence and terms of this Stipulated Protective Order.  The provisions herein shall also apply to any nonparty who provides testimony, documents or information in the Litigation, all of whom shall be bound by the terms of this Stipulated Protective Order.  References to a "party" or "parties" herein shall include such nonparties, in addition to plaintiff and defendants.

9.      Nothing herein shall limit a party's use of its own documents or information.

10.     DESIGNATION OF CONFIDENTIAL MATERIAL.  In connection with discovery proceedings the Litigation, any party to the Litigation may, by written notice to all counsel, by marking the words "CONFIDENTIAL MATERIAL" or substantially similar language on the face of the document, or by a statement on the record at a deposition, designate any confidential material, as defined in paragraph no. 6, as "CONFIDENTIAL MATERIAL,"

provided the party has a good faith belief that the designated document, material, or information, is entitled to protection from disclosure.

11.  USE OF DESIGNATED CONFIDENTIAL MATERIAL.  Persons receiving Confidential Material shall not further disclose that material other than in accordance with this Stipulated Protective Order.  Persons who obtain Confidential Material pursuant to this Stipulated Protective Order may use or disseminate such Confidential Material only in connection with the Litigation and not for any other purpose, and shall not at any time without leave of Court show, display, reveal, or discuss such Confidential Material, or the contents thereof, to or with any person other than those persons specified as Qualified Persons in paragraph no. 14 of this Stipulated Protective Order.  To the extent that any CONFIDENTIAL MATERIAL is filed in Court in connection with any document, such document shall be filed under seal, or such CONFIDENTIAL INFORMATION shall be redacted and an unredacted copy shall be provided to the Court for in camera review.

12.  KNOWLEDGE OF IMPROPER DISCLOSURE.   In the event any party to this Stipulated Protective Order learns of a use or disclosure of Confidential Material not permitted by this Stipulated Protective Order, that party shall promptly advise all other parties' counsel of such improper disclosure.

13.  INADVERTENT PRODUCTION WITHOUT PREJUDICE.  The inadvertent production of any Confidential Material without having designated the material as Confidential Material pursuant to paragraph no. 10 shall be without prejudice to any claim that such material is confidential, and no party shall be held to have waived any rights by such inadvertent production.

14. QUALIFIED PERSONS. Any materials designated as "CONFIDENTIAL MATERIAL" may be examined by, used by, disclosed to, or made available to, only Qualified Persons. Qualified Persons include only:

   a. The Court and Court staff;

   b. Counsel to the parties in the Litigation, and such Counsel's paralegal(s), clerical and secretarial staff, and investigators;

   c. Court reporters;

   d. Outside vendors used to assist in the preparation of trial, discovery, or other litigation-related materials; and

   e. experts retained by a party in connection with the Litigation.

15. Plaintiff is not a Qualified Person and may not have access to Confidential Material produced by any of the defendants.

16. The parties shall not disclose Confidential Material to any individual or entity except as provided herein.

17. MAINTAINING THE CONFIDENTIALITY OF CONFIDENTIAL MATERIAL. The parties shall take all necessary and appropriate measures to maintain Confidential Information in a secure manner.

18. COPIES. Any "Qualified Persons" who obtain access to "CONFIDENTIAL MATERIAL" under this Stipulated Protective Order may make copies, duplicates, extracts, summaries or descriptions of the Confidential Material solely for the purposes of the Litigation. All such copies, duplicates, extracts, summaries or descriptions shall be subject to the terms of this Stipulated Protective Order to the same extent and manner as original documents.

19. NO WAIVER. No unauthorized disclosure of documents or information designated as "CONFIDENTIAL MATERIAL" under this Stipulated Protective Order shall result in a waiver of the confidentiality of such "CONFIDENTIAL MATERIAL".

20. USE IN FILINGS. Nothing contained in this Stipulated Protective Order shall preclude the use of information designated "CONFIDENTIAL MATERIAL" in an affidavit, motion, brief, memorandum or other document filed with the Court in connection with this litigation, provided that it is necessary for use in connection with pretrial proceedings in the Litigation.

21. Any party filing with the Court a document containing Confidential Information, the party filing the document shall first request leave of the Court to file the document UNDER SEAL.

22. CONFIDENTIAL INFORMATION ELICITED AT DEPOSITIONS. In the event a witness is requested to disclose Confidential Material may at a deposition, counsel for any of the defendants may designate the information elicited as "CONFIDENTIAL MATERIAL" and request that the court reporter insert a statement regarding the confidentiality of the information into the deposition transcript. Each party shall have ten (10) business after receipt of the deposition transcript within which to inform the other parties, in writing, that portions of the transcript are designated as "CONFIDENTIAL MATERIAL." No such deposition transcript shall be disclosed to any person other than Qualified Persons during those ten (10) business days. Upon being informed that certain portions of a deposition are designated as "CONFIDENTIAL MATERIAL," each party shall cause each copy of the transcript in its possession, custody or control to be so marked.

23. **OBJECTIONS.** In the event that counsel for a party receiving CONFIDENTIAL MATERIAL objects to such a designation, objecting counsel shall advise the producing party of the basis of the objection and the reasons therefore. If the producing party persists in its Confidential Material designation, the material shall be treated as Confidential Material under this Stipulated Protective Order pending a resolution by the Court of the parties' dispute, and it shall be the obligation of the party objecting to the designation of Confidential Information to request Court intervention in the dispute.

24. **ULTIMATE DISPOSITION.** All documents designated as "CONFIDENTIAL MATERIAL" shall be returned to the producing party or destroyed (with certification of destruction provided) no later than 30 days after the entry of an Order or judgment resolving this case becomes final and unappealable.

25. **FULL FORCE AND EFFECT.** This Stipulated Protective Order shall remain in full force and effect after the termination of the Litigation, or until modified by order of the Court.

| | |
|---|---|
| _____ | _____ |
| VAZKEN A.E. ZEROUNIAN | JOEL M. SWEET |
| Abramson & Denenberg, P.C. | Assistant United States Attorney |
| 1315 Walnut Street, Suite 500 | 615 Chestnut Street, Suite 1250 |
| Philadelphia, PA 19107 | Philadelphia, PA 19106 |
| (215) 546-1345 | (T) 215-861-8581 |
| vazken@adlawfirm.com | (C) 215-301-1723 |
| *Counsel for Plaintiff* | joel.sweet@usdoj.gov |
| | *Counsel for all Defendants* |

BY THE COURT:

 /s/Wendy Beetlestone, J.
_____
HONORABLE WENDY BEETLESTONE
*Judge, United States District Court*

Dated: 6/25/2021